(No. 93-CV-0692—⬛)

*In re* APPLICATION OF MARTHA MONTOUR

*Opinion filed February 28, 1995.*
*Opinion filed March 5, 1997.*

MARTHA MONTOUR, *pro se*, for Claimant.

JIM RYAN, Attorney General (PAUL H. CHO, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PER CURIAM.

This claim arises out of an incident that occurred on January 8, 1991. The Claimant, Martha Montour, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1989, ch. 70, par. 71, *et seq.*

This Court has carefully considered the application for benefits submitted on September 14, 1992, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on January 8, 1991, Martha Montour, age 63, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: aggravated battery. Ill. Rev. Stat., 1989, ch. 38, par. 12—4.

2. That the crime occurred in Chicago, Illinois and all of the eligibility requirements of section 6.1 of the Act have been met.

3. That the Claimant seeks compensation for medical/hospital expenses and for loss of earnings.

4. That after considering insurance and other sources of recovery, the Claimant's net compensable loss for medical/hospital expenses is $3,683.90. To date, the Claimant has paid $3,342.90 towards this amount.

5. That section 2(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $1,000 per month, whichever is less.

6. That the Claimant's average net monthly earnings for the six months prior to the incident were $875. Claimant was disabled and unable to work for a period of five months and eight working days. Based upon $875 per month, the maximum compensation for loss of earnings is $4,693.16.

7. That the Claimant has received no reimbursements that can be counted as an applicable deduction under section 10.1(e) of the Act.

8. That the Claimant's net compensable loss is based on the following:

| | Compensable Amount |
| --- | --- |
| James Schiappa, M.D. | $ 341.00 |
| Paid medical expenses/compensable loss of earnings | 8,036.06 |
| Total | $8,377.06 |

9. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

10. That pursuant to section 18(c) of the Act, the Court may order that all or a portion of an award be paid solely and directly to the provider of services. In the instant case, the Court finds this section applicable and orders that direct payment be made.

It is hereby ordered that the sum of $8,036.06 (eight thousand thirty-six dollars and six cents) be and is hereby

awarded to Martha Montour, an innocent victim of a violent crime.

It is further ordered that the sum of $341 (three-hundred forty-one dollars) be and is hereby awarded to James Schiappa, M.D. for the medical expenses of Martha Montour.

## OPINION

SOMMER, C.J.

The Claimant, Martha Montour, was the victim of the crime of aggravated battery on January 8, 1991, from which she suffered a broken elbow that subsequently required surgery. The Claimant filed a claim for compensation under the Crime Victims Compensation Act, hereinafter referred to as the Act (740 ILCS 45/1-45/20), on September 14, 1992. This Court found that the Claimant satisfied all of the eligibility requirements under the Act and ordered the payment of an award on February 28, 1995. The Claimant received compensation in the amount of eight thousand thirty-six dollars and six cents ($8,036.06) for medical expenses and loss of earnings under section 10.1(a) of the Act and three-hundred forty-one dollars ($341) was paid directly to the provider of medical services under section 18(c) of the Act. The Claimant asked for a review of the decision and amount awarded. A hearing was held before Commissioner Michael E. Fryzel on October 12, 1995.

At the hearing, the Claimant presented no documentation relating to additional medical expenses incurred but requested additional compensation for her mental anguish. The Commissioner allowed 30 days from the date of the hearing for the Claimant to submit additional documentation of bills relating to the crime for which the

332

Claimant was not reimbursed. To date, the Claimant has not filed any additional documentation with the Court.

The Act provides for the victims of violent crimes to be compensated for pecuniary loss, loss of support and other expenses incurred and not reimbursed from sources other than the victim or Claimant. (740 ILCS 45/10.1.) The Claimant was provided with compensation for medical expenses incurred and now seeks compensation for pain, suffering or mental anguish. Under section 2(h) of the Act, the definition of "pecuniary loss" specifically excludes pain and suffering. Therefore, pain and suffering are not claims for which a victim may be compensated under section 10.1 of the Act.

It is therefore ordered that this Court's Opinion of February 28, 1995, is affirmed and the request for additional compensation by the Claimant, Martha Montour, is denied.